| | |
|---|---|
| **E.J.,** *ex rel* **ELEXECIA MARTIN**  *Plaintiff*  vs.  **CHRYSTAL TEMPLETON**  *Defendant* | NO. _____  CAUSES OF ACTION: Civil Rights Violations  *JURY TRIAL DEMANDED* |

## PLAINTIFF'S COMPLAINT

1. Plaintiff E.J., by and through her mother, Elexecia Martin, brings this damages action pursuant to 42 U.S.C. § 1983 against Defendant Chrystal Templeton, an officer of the Murfreesboro City Police Department.

## PARTIES

2. Plaintiff **E.J.** (hereinafter "Plaintiff") is a child under the age of eighteen (18) years. **E.J.** is the daughter of **Elexecia Martin.** Both are residents of Rutherford County, Tennessee.

3. Defendant **Chrystal Templeton** was at all relevant times an officer of the Murfreesboro City Police Department and is a resident of Rutherford County, Tennessee.

## JURISDICTION AND VENUE

4. This action arises out of the mistreatment suffered by Plaintiff E.J. at the hands of the Defendant in Rutherford County, Tennessee.

5. This action arises under the United States Constitution and under the laws of the United States of America, particularly under the provisions of the Fourth and Fourteenth Amendments of the United States Constitution, and particularly under the Civil Rights Act, codified at 42 U.S.C. § 1983 *et seq*.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343.

7. Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs claims occurred in this District.

8. Plaintiff brings suit against the Defendant in both her individual and official capacities.

## FACTUAL ALLEGATIONS

### THE VIDEO

9. On or about March 20, 2016, a cell phone video was taken of a fight where a small child punches another larger child. The larger child is apparently unfazed, as he continues walking away while the smaller child takes swings at his back. The fight takes place in the yard of a private residence.

10. Eleven other children are within the proximity of the fight, not all of whom are visible in the video.

11. E.J. is not visible in the video.

12. At approximately 37 seconds into the video, E.J. can be heard saying "Stop Tay-tay, stop Tay-tay, stop Tay-tay!" imploring the smaller child to stop swinging at the larger child.

13. On or about April 14, 2016, the video came to the attention of Murfreesboro City Police Officer Chrystal Templeton.

14. During Officer Templeton's investigation, she identified E.J. as one of the eleven children present around the fight.

15. Officer Templeton contacted E.J.'s mother, Elexecia Martin. She told Ms. Martin about the video and said that she needed help identifying all the children who were present so that she could deal with the situation "informally."

16. Officer Templeton assured Ms. Martin that the children were not in trouble. Ms. Martin agreed to bring her children and meet with Officer Templeton so that they could identify all those present at the fight.

17. During this meeting, E.J. identified herself to Officer Templeton as the girl shouting "stop Tay-tay" and explained that she was telling the boys to stop because she did not want anyone to get hurt. Ms. Martin and E.J. helped identify some of the other children in the video.

18. Officer Templeton thanked Ms. Martin and her children for their help, reassured them that no one was in trouble, and terminated the encounter.

## OFFICER TEMPLETON'S PLAN

19. On April 14th, 2016, Officer Templeton informed Hobgood Elementary School Principal Dr. Tammy Garrett that she would be arresting the students from the video on Friday, April 15th, 2016.

20. Officer Templeton assured Dr. Garrett that no child would be handcuffed, that she would be on site to do the arrests, and that the arrests would be handled in a "low-key" manner.

21. As word of Officer Templeton's plan disseminated among the faculty of Hobgood Elementary on April 14th, administrators expressed their concerns to members of the Murfreesboro City Police Department.

22. Lisa Trail, director of communications contacted Sergeant Scott Newberg with such concerns.

23. Dr. Garrett expressed such concerns throughout Thursday April 14th and Friday April 15th to various officers of the Murfreesboro City Police Department. Officer Templeton informed Dr. Garrett that the arrests would proceed and instructed her not to contact the children's parents beforehand.

## OFFICER CHRIS WILLIAMS

24. Officer Chris Williams arrived at Hobgood Elementary School on Friday, April 15, and shortly thereafter learned of Officer Templeton's plan to arrest the children, including E.J.

25. Chris Williams objected directly to Officer Templeton. He advised against the arrests and threatened not to participate.

26. Officer Templeton reported Officer Williams' insubordination. Officer Williams expressed his concerns this through the chain of command. Sergeant Scott Newberg, Uniformed Division Supervisor, ordered Officer Williams to assist with the arrests.

27. Officer Williams immediately contacted Police Major Clyde Adkison, head of the Administrative Services division. Again, Officer Williams protested against the arrest. Again, he was ordered to participate in the arrests.

28. Officer Williams then tried to bargain with Officer Templeton, arguing that the arrests should not happen at the school and asking if he could contact the children's parents to alert them beforehand. Officer Templeton said no – the arrests will happen at school, and the children's parents will not be contacted before the arrests.

## The Arrests

29. As the school day neared its end on April 15, 2016, Dr. Garrett disobeyed Officer Templeton's orders against contacting the children's parents. In tears, Dr. Garrett secretly called Ms. Martin and warned her of the impending arrest of E.J.

30. Despite assurances to the contrary, Officer Templeton was not present for the arrests. Children were handcuffed. The arrests were not "low-key."

31. As E.J. did at the end of each school day, she waited to board the school bus. Before she could leave, school officials took her back inside. They held her while waiting on Murfreesboro City Police Officers to return from transporting other children to the Rutherford County Juvenile Detention Center.

32. E.J. begged for her mother. She cried. She vomited on the floor.

33. Ms. Martin arrived while her daughter was still being held at the school. Other officers arrived as well. Ms. Martin asked Officer Williams if she could simply take her daughter to juvenile detention in the family vehicle, but he told Ms. Martin "no."

34. Officer Chris Williams followed the orders to arrest E.J. He asked if it would be okay to stop, hold hands, and say a prayer. After the prayer, Officer Williams arrested E.J. and transported her to the Rutherford County Juvenile Detention Center in the back of his patrol car.

## THE AFTERMATH

35. The charges against E.J. were ultimately dismissed by Juvenile Court Judge Donna Scott Davenport on July 8th, 2016.

36. Officer Templeton was present for this hearing, and recommended the dismissal as she commended E.J.'s family's "respect" and "cooperation."

37. E.J. suffered great mental anguish and emotional trauma as a result of the arrest and prosecution.

## CLAIMS FOR RELIEF

### COUNT I:
### FALSE ARREST IN
### VIOLATION OF THE FOURTH AMENDMENT
### (42 U.S.C. § 1983)

38. Plaintiff hereby re-alleges and incorporates as if restated fully herein the allegations in paragraphs 1 through 37 above.

39. Based on her investigation, her review of the video, and her meeting with Ms. Martin and E.J., Officer Templeton knew or should have known that there existed no probable cause to arrest E.J. It is well-established that an individual's mere presence at a crime scene does not constitute probable cause for an arrest.

40. Officer Templeton intentionally omitted material facts known to her at the time she swore out the Petition, specifically E.J.'s shouting "Stop Tay-tay, stop Tay-tay, stop Tay-tay," during the fight.

41. Despite a complete absence of evidence to support the allegation and in spite of strong evidence to the contrary, Officer Templeton swore that E.J. "encouraged and caused" the alleged assault depicted in the video.

42. Officer Templeton instigated and directed the arrest of the Plaintiff on April 15, 2016, at approximately 4:00 p.m. As a result, the Plaintiff was detained at her school, prevented from going home to her mother, placed in the back of a police car, taken to the Rutherford County Juvenile Detention Center, and booked into the Juvenile Detention Center.

43. As a direct and proximate result of the Defendant' actions, the Plaintiff suffered damages including, among others, the following: severe shock, emotional distress, humiliation, sleeplessness, depression, and loss of enjoyment of life.

## COUNT II:
### MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AMENDMENT
### (42 U.S.C. § 1983)

44. E.J. hereby re-alleges and incorporates as if restated fully herein the allegations in paragraphs 1 through 37 above.

45. Officer Templeton made the decision to prosecute the "Criminal Responsibility" petition against E.J. She swore out the petition alleging that E.J. "encouraged and caused" an assault with no evidence to support the allegation and in spite of evidence that it was E.J. who could be heard trying to stop the fight.

46. Based on her investigation, Officer Templeton knew or should have known that E.J. had no criminal responsibility for anything that happened in the video. It is well-established that an individual's mere presence at a crime scene does not constitute probable cause for an arrest.

47. Therefore, there was no probable cause to support the prosecution.

48. Officer Templeton further influenced the prosecution of the criminal charge by collaborating with other officers in the Murfreesboro Police Department in order to force the compliance of unwilling subordinates such as Officer Chris Williams.

49. The charges against E.J. resulted in a deprivation of her liberty, in that she was taken in to custody, held against her will, placed in a police car, and taken to the Rutherford County Juvenile Detention Center. She was summoned and forced to answer Officer Templeton's charge in juvenile court.

50. Defendant Templeton acted with malice when she charged E.J. with a criminal offense where no probable cause existed. Officer Templeton demonstrated this by (a) instructing others, including Officer Chris Williams and Dr. Tammy Garrett, *not* to inform E.J.'s mother of the impending arrest; (b) lying to Dr. Garrett regarding how the arrests would take place; and (c) ignoring the objections of the officer whom she required to carry out the arrest.

51. The charges against E.J. were ultimately resolved in the E.J.'s favor when the case was dismissed on July 8th, 2016.

52. As a direct and proximate result of the Defendant' actions, the Plaintiff suffered damages including, among others, the following: severe shock, emotional distress, humiliation, sleeplessness, depression, and loss of enjoyment of life.

## REQUEST FOR RELIEF

**WHEREFORE**, the Plaintiff requests judgment against Chrystal Templeton as follows:

1. That she be awarded all damages to which it may appear she is entitled by the proof submitted in this cause, including nominal, compensatory, and punitive damages.

2. That she be awarded attorney's fees pursuant to 42 U.S.C. § 1988, plus compensation for any expert fees and other costs reasonably expended in pursuing this matter.

3. That she be awarded pre- and post- judgment interest.

4. That this cause be tried by a jury.

5. That she be awarded all other relief to which it may appear she is entitled, the interests of justice demanding it.

Respectfully submitted,

/s/ Wesley B. Clark
WESLEY B. CLARK, #32611
**DOWNTON CLARK, PLLC**
2706 LARMON DR.
NASHVILLE, TN 37204
615-984-4681
615-514-9674 (FAX)
wesley@downtonclark.com

/s/ Mark J. Downton
MARK J. DOWNTON, #20053
**DOWNTON CLARK, PLLC**
2706 LARMON DR.
NASHVILLE, TN 37204
615-984-4681
615-514-9674 (FAX)
mark@downtonclark.com

/s/ Kyle F. Mothershead
KYLE F. MOTHERSHEAD, #22953
**LAW OFFICE OF KYLE MOTHERSHEAD**
414 UNION ST., SUITE 900
NASHVILLE, TN 37219
615-982-8002
615-229-6387 (FAX)
kyle@mothersheadlaw.com