# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| K.W. *ex rel* KANISA DAVIS, et al. | ) | |
| | ) | |
| Plaintiffs | ) | NO. 3:16-cv-1975 |
| | ) | |
| v. | ) | Judge Crenshaw |
| | ) | |
| RUTHERFORD COUNTY, TENNESSEE. | ) | Magistrate Judge Holmes |
| | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

**O R D E R**

A status/case management conference was held on December 6, 2018. Counsel appearing were: Kyle Mothershead for Plaintiffs and Randall Mantooth and Michael Holder for Defendant. Based on discussion during the status/case management conference, the Court takes the following actions:

1. Defendant's response to Plaintiffs' motion for class certification must be filed by no later than **January 11, 2019**, and shall not exceed 30 pages. Plaintiffs may file an optional reply by no later than **January 25, 2019**, which shall not exceed 10 pages.

2. Also discussed during the status/case management conference was the motion for summary judgment (Docket No. 184) filed by Plaintiffs. Because of the timing of filing of Plaintiff's motion for summary judgment, the Court had no opportunity for even a cursory review of the motion prior to the status/case management conference. Now having taken a closer look at the motion, it appears that the motion is for partial summary judgment, only as to liability. However, no leave of Court was given for filing of a motion for partial summary judgment, as required by Chief Judge Crenshaw, and provided for in his form initial case management order on

the Court's website. The Clerk is therefore directed to terminate the motion for summary judgment (Docket No. 184) and related motion for leave to file exhibits (Docket No. 187) without prejudice for Plaintiffs to seek leave to refile a motion for partial summary judgment.[1] Any motion for leave to file a motion for partial summary judgment must, as required by Chief Crenshaw, give the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. Plaintiffs should also, in their motion for leave, give justification for filing the partial summary judgment motion prior to determination of the pending class certification motion.

3. The restriction on the scope of discovery is hereby lifted, and discovery on the merits shall proceed. As discussed during the status/case management conference, the parties are expected to work cooperatively in managing discovery, including any issues about scope or proportionality. Judicial intervention in discovery disputes may not be sought until lead counsel have spoken to each other in an effort to resolve the dispute. Discovery disputes that cannot be resolved after good faith discussions must be brought promptly to the attention of the Magistrate Judge either by a request for a discovery conference or a discovery motion. In connection with any discovery conference or discovery motion, the parties must file a joint discovery dispute statement, which confirms the required conversation between lead counsel took place and which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint

---

[1] The Court recognizes this instruction changes direction from the discussion at the status/case management conference. But, as stated, the Court had not, at that time, reviewed the motion for summary judgment in enough detail to determine that its filing required leave of court.

statement is adopted as the party's memorandum of law or response. Deadlines for completion of discovery and discovery related motions are reserved pending further orders.

    4.    A telephonic status/case management conference shall be held on **December 18, 2018, at 9:00 a.m.** to address: a schedule of the case management deadlines reserved in this and prior orders; progression of the case, including a target trial date; and, any other appropriate matters. Plaintiffs' counsel shall initiate the call. Prior to the December 18 call, counsel for the parties should discuss these matters and be prepared to discuss them with the Court. By no later than **noon on December 17, 2018**, the parties must also submit a proposed modified scheduling/case management order setting deadlines previously reserved (motions to amend, discovery cut-off and motions, dispositive motion filing and briefing, expert disclosures and discovery, etc.), which also includes a target trial date.[2]

    It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[2] Given how long this case has been pending, and as discussed during the status/case management conference, the Court intends to set this trial at the earliest possible date. Because Chief Judge Crenshaw presently has a multi-defendant criminal trial scheduled from the beginning of April through June of 2020, this case will most likely be set for trial early in 2020. If the parties are unable to propose a schedule that reasonably accommodates a trial date in early 2020, counsel should be prepared to justify a request for a later target trial date.