IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| K.W., ex rel KANISA DAVIS;<br>A.B., ex rel SANDRA BRIEN; and<br>J.B., ex rel JACQUELINE BRINKLEY<br><br>v.<br><br>RUTHERFORD COUNTY, TENNESSEE<br><br>And<br><br>DYLAN J. GEERTS<br><br>v.<br><br>RUTHERFORD COUNTY, TENNESSEE | CONSOLIDATED CASES<br>NO. 3:16-1975<br>Crenshaw/Holmes<br><br><br><br><br><br><br><br>NO. 3:17-1014 |

**O R D E R**

A telephonic status conference was held on December 27, 2018. Counsel participating were: Wesley Clark, Mark Downton, and Kyle Mothershead for Plaintiffs and Randall Mantooth and Michael Holder for Defendant. As discussed during the status conference, by no later than **January 31, 2019**, the parties must file a joint motion for approval of a case resolution plan, which details the parties' proposed comprehensive case resolution plan for at least two more substantive attempts at case resolution, one of which must be by mediation. The case resolution plan should, at a minimum, address the parties' proposed timing for mediation and identify any agreed-upon

mediator.[1] If the parties are unable to agree on a mediator, the joint motion should include the names of four (4) proposed mediators.[2]

Additionally, Plaintiffs may not file a motion for summary judgment as to liability only without permission of the Court. Prior to filing a motion for summary judgment as to liability only, Plaintiffs must first file a separate motion for leave that justifies the filing of a motion as to liability in terms of overall economy of time and expense for the parties, counsel, and the Court, particularly given the prospect that, even if successful as to liability, trial or other action would be required to establish damages.

All other matters discussed during the December 27 status conference will be addressed by separate order.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[1] As discussed during the status conference, the Court expects that by the summer of 2019, the parties will spend significant time trying to settle this case.

[2] Each side should provide two (2) proposed mediators, but the joint motion should simply list all four names and should not disclose which mediators' names were provided by which side.